IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONALD JACKSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:20-cv-1349-L-BN |
| | § | |
| TD INDUSTRIES, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Ronald Jackson brings this *pro se* action alleging that his employer discriminated against him based on race and that, after he complained to the EEOC, his employer retaliated by firing him. *See* Dkt. No. 3.

His case has been referred to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay.

Jackson has been granted leave to proceed *in forma pauperis*. *See* Dkt. No. 6. And, because his bare bones complaint does not include facts that could support all elements of a prima facie case of either discrimination or retaliation, the Court entered a screening questionnaire on May 25, 2020 to allow Jackson an opportunity to amend his claims through verified answers to the Court's interrogatories by June 29, 2020. *See* Dkt. No. 7 (warning Jackson that "[f]ailure to timely provide complete and verified answers to all questions may result in the dismissal of the [complaint] for failure to prosecute and obey an order of the Court under Federal Rule of Civil

Procedure 41(b)").

Now, almost two months past the deadline to answer the screening questionnaire, Jackson has failed to obey the Court's order or otherwise contact the Court.

Federal Rule of Civil Procedure 41(b) "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute).

This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Lopez v. Ark. Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) ("Although [Rule 41(b)] is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" (quoting *Link*, 370 U.S. at 631)).

The Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F.

- 2 -

App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting, in turn, *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981))).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

"When a dismissal is without prejudice but 'the applicable statute of limitations probably bars future litigation,'" that dismissal operates as – i.e., it is reviewed as – "a dismissal with prejudice." *Griggs*, 905 F.3d at 844 (quoting *Nottingham*, 837 F.3d at 441); *see, e.g., Wright*, 754 F. App'x at 300 (affirming dismissal under Rule 41(b) – potentially effectively with prejudice – where "[t]he district court had warned Wright of the consequences and 'allowed [her] a second

chance at obtaining service'" but she "disregarded that clear and reasonable order").

By not filing verified answers to the screening questionnaire by June 29, 2020, as ordered, Jackson has prevented this action from proceeding and has thus failed to prosecute his lawsuit. A Rule 41(b) dismissal of this lawsuit without prejudice is warranted under these circumstances.

And the undersigned concludes that lesser sanctions would be futile, as the Court is not required to delay the disposition of this case until such time as Jackson decides to obey the Court's order or contact the Court.

The Court should therefore exercise its inherent power to prevent undue delays in the disposition of pending cases and *sua sponte* dismiss this action without prejudice.

But, to the extent that Jackson asserts Title VII or similar claims, "this case cannot be timely refiled once dismissed as more than ninety days [will] have elapsed since [Jackson] received" the February 27, 2020 EEOC right-to-sue letter attached to his complaint [Dkt. No. 3 at 2-4], *Dudley v. Dallas Indep. Sch. Dist.*, No. 3:99-cv-2634-BC, 2001 WL 123673, at *3 (N.D. Tex. Jan. 12, 2001) (citations omitted). "Thus, dismissal of [this] case even without prejudice will operate as a dismissal with prejudice." *Id.*; *see Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) ("If a Title VII complaint is timely filed pursuant to an EEOC right-to-sue letter and is later dismissed, the timely filing of the complaint does not toll the ninety-day limitations period." (citation omitted)).

The Court should therefore condition its dismissal without prejudice under

Rule 41(b) to allow Jackson leave to file a motion to reopen this action on or before 30 days from the date of any order accepting or adopting these findings, conclusions, and recommendation. *Cf. Monell v. Berryhill*, No. 4:17-cv-22-O-BP, 2017 WL 3098584, at *2 (N.D. Tex. June 30, 2017) (adopting similar procedure), *rec. accepted*, 2017 WL 3086326 (N.D. Tex. July 20, 2017).

**Recommendation**

The Court should dismiss this action without prejudice under Federal Rules of Civil Procedure 41(b) and without prejudice to Plaintiff Ronald Jackson's filing a motion to reopen this case on or before 30 days from the date of any order accepting or adopting these findings, conclusions, and recommendation.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 27, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE